UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARK A. LEDBETTER, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-03098 |
| § | |
| NANCY A. BERRYHILL, § | |
| Commissioner of the § | |
| Social Security Administration, § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Plaintiff Mark A. Ledbetter brought this action under the Social Security Act, 42 U.S.C. § 405(g), for review of the decision of the Commissioner's final decision denying his request for social security benefits. Dkt. 1. The parties consented to magistrate judge jurisdiction. Dkt. 7. Both Ledbetter and the Commissioner filed motions for summary judgment. Dkt. Nos. 10; 12. After reviewing the record and the law, Ledbetter's motion is denied and the Commissioner's motion is granted.

### Background

Ledbetter filed a claim for social security disability benefits under on January 26, 2015, alleging disability as of November 11, 2013. Ledbetter's application was denied, as was his subsequent request for rehearing. Dkt. 4-3 at 14. A hearing before an administrative law judge ("ALJ") was held on June 16, 2016, and the ALJ denied the claim on July 7, 2016. *Id.* The ALJ found that the following impairments were "severe" at step 2 of the sequential evaluation: left shoulder problems, obesity, bipolar disorder, history of marijuana abuse, and hypertension. *Id.* at 16. The ALJ determined that Ledbetter was unable to perform his previous work, but that there was other work in the

national market that he could perform. *Id.* at 22. Ledbetter's request for Appellate Council review was denied on September 2, 2016, making the ALJ's decision final. Ledbetter then filed this action for review of the Commissioner's final decision.

In his sole argument, Ledbetter contends that the Commissioner erred by relying on a vocational expert's testimony allegedly inconsistent with the *Dictionary of Occupational Titles* ("DOT") and its supplement. Dkt. 11 at 4.

## Analysis

Section 405(g) of the Social Security Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny social security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard, and (2) the Commissioner's decision is supported by substantial evidence. *Id.* "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

***The ALJ's Decision***

The ALJ followed the usual five-step process to determine whether Ledbetter was disabled.[1] At step one, the ALJ found that Ledbetter had not engaged in gainful activity since his alleged onset date through his date last insured. Dkt. 7-3 at 12. At step two, the ALJ found that Ledbetter's left shoulder problems, obesity, bipolar disorder, history of marijuana abuse, and hypertension were severe impairments, but Ledbetter's mental limitations did not result in disabling functional limitations and that the materiality of Ledbetter's substance abuse is not at issue. *Id.* at 13. At step three, the ALJ found that these impairments did not equal the listing of impairments in Appendix 1. At step four, the ALJ found that Ledbetter had the residual functional capacity ("RFC") to perform medium work with some limitations, but was unable to perform his past work. Dkt. 4-3 at 18. Based on this RFC assessment, the ALJ concluded at step five that Ledbetter was not disabled because there were a significant number of jobs in the national economy that he could still perform. *Id.* at 22-23.

*The Vocational Expert's Opinion*

The ALJ relied upon testimony from a vocational expert to reach his conclusion. Dkt. 4-3 at 13. The vocational expert was asked to assume the following limitation on Ledbetter's capacity to work: able to perform medium work, limited to minimal overhead

---

[1] (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform his past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education, and work experience, is there other work he can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

reaching with the left upper extremity for less than five percent of an eight-hour workday; standing and sitting no more than six hours in an eight-hour workday; and occasional lifting of carrying of weight up to twenty-five pounds. Dkt. 4-3 at 17. Based on these limitations, the vocational expert identified three jobs that exist in significant numbers in both the local and national economy that Ledbetter was capable of performing: laundry worker, industrial cleaner, and kitchen helper. Dkt. 4-3 at 22.

Ledbetter claims that the vocational expert testimony is inconsistent with the skill requirements listed for these jobs in the DOT. Specifically, Ledbetter notes that the three jobs require frequent reaching, pulling, and grabbing. This purportedly conflicts with the ALJ's RFC determination that Ledbetter is limited to medium with work minimal overhead reaching with the left upper extremity.

The DOT does not automatically trump a vocational expert's conflicting opinion. Regulations permit the ALJ to rely on either source of information when determining whether claimants can make adjustments to alternative available work. *See* 20 C.F.R. § 404.156(d), (e). And, in appropriate cases, the ALJ may give more weight to expert vocational testimony than to findings in the DOT. *Cary v.Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). To address and resolve the occasional conflict between vocational expert testimony and DOT information, the ALJ has an affirmative responsibility to ask about any possible conflict between the vocational expert and the information provided in the DOT. 2000 WL 1598704, at *4.

The DOT and its supplement do not describe a specific requirement of bilateral mobility or dexterity for the jobs in question. More significantly, the DOT does not

specify the extent to which the suggested jobs require bilateral overhead reaching.[2] There is no apparent or obvious conflict between the vocational expert's testimony and the job descriptions found in the DOT. Ledbetter's assertion that these jobs "patently require frequent to constant bilateral overhead reaching" is not supported by the DOT or anything else in the record. The ALJ correctly found that the vocational expert's testimony was consistent with the DOT. Dkt. 4-3 at 22. The Court concludes that the ALJ applied the appropriate legal standard and his decision is supported by substantial evidence in the

---

[2] According to the DOT, a kitchen helper
> Performs any combination of following duties to maintain kitchen work areas and restaurant equipment and utensils in clean and orderly condition: Sweeps and mops floors. Washes worktables, walls, refrigerators, and meat blocks. Segregates and removes trash and garbage and places it in designated containers. Steamcleans or hoses-out garbage cans. Sorts bottles, and breaks disposable ones in bottle-crushing machine. Washes pots, pans, and trays by hand. Scrapes food from dirty dishes and washes them by hand or places them in racks or on conveyor to dishwashing machine. Polishes silver, using burnishing-machine tumbler, chemical dip, buffing wheel, and hand cloth. Holds inverted glasses over revolving brushes to clean inside surfaces. Transfers supplies and equipment between storage and work areas by hand or by use of handtruck. Sets up banquet tables. Washes and peels vegetables, using knife or peeling machine. Loads or unloads trucks picking up or delivering supplies and food.

A laundry laborer,
> Prepares laundry for processing and distributes laundry, performing any combination of following duties: Opens bundles of soiled laundry. Places bundles onto conveyor belt or drops down chute for distribution to marking and classification sections. Weighs laundry on scales and records weight on tickets. Removes bundles from conveyor and distributes to workers, using handtruck. Fastens identification pins or clips onto laundry to facilitate subsequent assembly of customers' orders. Sorts net bags containing clean wash according to customers' identification tags. Sorts empty net bags according to color and size. Collects identification tags from lots of laundered articles for reuse. Moistens clean wash preparatory to ironing. Operates power hoist to load and unload washing machines and extractors. Stacks linen supplies on storage room shelves. Unloads soiled linen from trucks.

Finally, an industrial cleaner
> Drives industrial vacuum cleaner through designated areas, such as factory aisles and warehouses, to collect scrap, dirt, and other refuse. Empties trash collecting box or bag at end of each shift. May sift refuse to recover usable materials, such as screws, metal scrap, or machine parts. May clean machine, using rags and vacuum cleaner. May refuel machine and lubricate parts. May hand sweep areas inaccessible to machine and pick up scrap.

Dictionary of Occupational Titles DOT - Job Descriptions, DICTIONARY OF OCCUPATIONAL TITLES DOT, http://occupationalinfo.org/ (last visited Aug 14, 2017).

record.

## **Conclusion**

For these reasons, Ledbetter's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted.

Signed at Houston, Texas, on August 14, 2017.

Stephen Wm Smith
United States Magistrate Judge